**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION**

| | | |
|---|---|---|
| MAVENI ANGILAU et al., | ) | |
| | ) | Case No. 2:16-CV-00992-JED |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is "Plaintiffs' Motion for Leave to Amend Complaint to Replace Defendant 'Jane Doe' With Said Defendant's True Identity" (Doc. 99). In their Complaint, Plaintiffs acknowledged the need to protect Jane Doe's identity, alleging that "Jane Doe's identity is known, but she is listed here as 'Jane Doe' to protect her privacy." (Doc. 2 at 8, n.1). Thereafter, the identity of Jane Doe, the United States Deputy Marshal who is a defendant in this action, has remained protected by virtue of safety concerns and fears of retaliation by the Tongan Crips Gang. (Doc. 32). Plaintiffs now contend that the Court should authorize amendment to identify the Marshal because "Plaintiffs believe the gang is no longer active in Utah" and there is thus no evidence of danger. (Doc. 99 at 6-7).

The government has provided evidentiary submissions indicating a continuing danger, as well as recent, specific threats, which justify continuing to protect the identity of Jane Doe. (*See* Doc. 103). The Court finds that this is one of those "exceptional cases involving matters of . . . real danger of physical harm, or where . . . injury . . . would be incurred as a result of the disclosure of the [party's] identity." *See M.M. and Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). In addition, the Plaintiffs have not identified any

necessity or purpose for naming the marshal who has been known as Jane Doe throughout this

case.  Accordingly, the Motion to Amend (Doc. 99) is **denied**.

SO ORDERED this 15th day of February, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE