IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MAVENI ANGILAU et al., | ) |
| | ) Case No. 2:16-CV-00992-JED-PJC |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are motions and objections (Doc. 87, 100, 101) relating to Orders (Doc. 81, 84, 98) by United States Magistrate Judge Paul J. Cleary regarding media intervention and unsealing of a video excerpt of a shooting that is at the center of this case.

### I.   Background

Siale Angilau was on trial on a criminal indictment, which alleged that Angilau was a member of the Tongan Crips Gang whose members committed murder, attempted murder, robbery, and assault. During the testimony of the first witness, Angilau grabbed a pen from the table where he sat with his counsel. Angilau swiftly ran to and jumped over the witness stand, in an apparent attempt to stab the witness with the pen. The attack was recorded on a courtroom video monitoring system and an audio recording system. As Angilau launched himself over the witness stand, a Deputy United States Marshal fired four shots, all of which hit Angilau. The witness deftly avoided harm. Unfortunately, Mr. Angilau died shortly thereafter. In this suit, his parents and estate are suing the Deputy Marshal, who is named in the Complaint as "Jane Doe" in order to protect Doe's identity, and the United States of America. The plaintiffs assert a claim

under the Federal Tort Claims Act for wrongful death and, alternatively, they assert that Jane Doe violated Mr. Angilau's constitutional rights by using excessive force. (Doc. 2 at 2).

Several media entities – the Utah Headliners Chapter of the Society of Professional Journalists, the Associated Press, the Deseret News, the Salt Lake Tribune, KSL-TV, KSL Newsradio, KSL.com, ABC4, KUTV, and Fox 13 KSTU-TV (Media Intervenors) – moved to intervene in the action for the limited purpose of opposing restriction of access to proceedings and certain documents filed in the case. (*See* Doc. 20). Judge Cleary granted the motion to intervene, after finding that denial of intervention would "impair the opportunity for public access to judicial records and proceedings." (Doc. 81 at 16).

Judge Cleary subsequently conducted a hearing regarding the public's access to the video recording of Jane Doe's shooting of Siale Angilau. (*See* Doc. 88). At issue are two versions of the 24 seconds of video recording, with synchronized audio recording, which include the events immediately before, during, and after the shooting. In one version, faces of court personnel, security and law enforcement personnel, and others are pixelated and thus obscured. That version was submitted as a part of Exhibit F to the defendants' dismissal motions. (*See* Doc. 36-8 [describing Exhibit F]). The other version of the video, which was submitted as part of Exhibit E to the dismissal motions, is not pixelated. (*See* Doc. 36-7 [describing Exhibit E]). After fully considering the issues concerning public access, courtroom security, and the safety of courtroom and law enforcement personnel, Judge Cleary determined that the pixelated version of the video should be unsealed and made available to the public. (Doc. 98 at 28). The defendants have filed objections (Doc. 87, 100) to the orders permitting intervention and unsealing the pixelated video and have moved to stay (Doc. 101) the effect of the order unsealing the video.

II.     Discussion

    A.     **Media Intervention**

The defendants' Objection to the order granting intervention is "limited to the Court's finding that the Media Intervenors have a First Amendment right to assert access to certain pretrial documents submitted to [the] Court." (Doc. 87 at 1).  The Supreme Court has not yet determined there is a First Amendment right of access to court records. *See United States v. Pickard*, 733 F.3d 1297, 1302 n.4 (10th Cir. 2013).  However, there is a common law right of access to judicial records, which is not absolute, but imposes a "strong presumption in favor of public access." *Id.* at 1302 (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).  Thus, the Court need not determine the existence or scope of any First Amendment right to access judicial records, because there is a common law right to seek to have court records unsealed. *See id.* ("Because we conclude that Defendants can seek to have the . . . records unsealed under the common law, we have no occasion here to address whether they also have a First Amendment right to have the . . . file unsealed.").  The defendants have not objected to Judge Cleary's determination that there is a common law right to seek access.  (*See* Doc. 87 at 1).

The defendants' objection (Doc. 87) is denied.  The orders granting intervention to the Media Intervenors (Doc. 81, 84) are affirmed.  Judge Cleary's order is sustainable on his well-reasoned analysis regarding intervention for purposes of seeking a right of access to judicial records under the common law.

    B.     **Unsealing of the Pixelated Video**

Judge Cleary weighed and balanced the competing interests of the public and the defendants and determined that unsealing the pixelated video would appropriately guard against the danger posed to Jane Doe, because Doe cannot be identified by the pixelated video. (*See*

3

November 29, 2017 Order, Doc. 98).   The defendants objected to Judge Cleary's November 29, 2017 order (Doc. 100). They argue that Judge Cleary imposed too high of a burden upon the defendants to keep the pixelated version of the video sealed from public view. (*Id.* at 6).

The Court has reviewed the *in camera* submissions supporting the defendants' safety concerns with respect to identification of the Deputy, as well as all arguments submitted on these issues.  Judge Cleary's order appropriately balanced the defendants' interests in safety and avoiding pretrial publicity against the common law's "strong presumption in favor of public access." *See Pickard*, 733 F.3d at 1302.[1]  While that strong presumption may "be overcome where countervailing interests heavily outweigh the public interests in access," *id.*, Judge Cleary properly weighed "the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id.* (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).  His ultimate determination – that the defendants' interests were significant enough to justify keeping the unpixelated video under seal, but would be sufficiently protected by release of the pixelated version which conceals Doe's identity – properly weighed the circumstances.  That determination is not "clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a).

The defendants also argue that Judge Cleary erroneously failed to consider that release of the video would result in "prejudicial pre-trial publicity" and would "taint . . . the jury pool." (Doc. 100 at 23).  That issue is moot, as the Court has determined that this action will be decided on the pending summary judgment motions.  An order on those issues is forthcoming.  Even were a trial held, the undersigned would have no concerns with respect to the introduction of the pixelated

---

[1]    Again, as in *Pickard*, the Court need not address defendants' arguments regarding First Amendment right of access, because Judge Cleary's order is sustainable on the common law right of access.  733 P.3d at 1302, n.4.

4

video in open court. The pixelated version of the video does not identify Doe or other court or security personnel.

In the alternative, the defendants note that the pixelated video to be released under Judge Cleary's order "contains an unpixelated image of V.T., the cooperating witness and victim of the attack [by Mr. Angilau]." (Doc. 100 at 26). The defendants thus request that the federal defendants be allowed "the opportunity to further redact images on the pixelated video for public viewing to protect the identity of [V.T.]." (*Id.*). That alternative request is denied. The defendants did not redact V.T.'s image from the pixelated version of the video that they submitted. V.T. has been identified in unsealed documents the defendants filed of record, and he has been named and pictured in press reports relating to the Angilau trial. Moreover, V.T. is the farthest person from the camera and his image on the video is not clear enough to identify his specific facial features.

The defendants' objections (*see* Doc. 100) to Judge Cleary's order unsealing the pixelated video are denied, and that order (Doc. 98) is affirmed.

### C. Motion to Stay

Defendants moved (Doc. 101) to stay the effect of Judge Cleary's November 29, 2017 order pending this Court's determination of the defendants' Objection. Judge Cleary considered that motion and subsequently continued "the Stay of the Nov. 29 Order until the District Court completes its review." (Doc. 102). To the extent the motion to stay is still pending, that motion is now moot because the Court's review of these issues is complete.

### III. Conclusion

For the foregoing reasons, the defendants' objections (Doc. 87, 100) are **denied**, and their motion to stay (Doc. 101) is **moot**. Judge Cleary's orders granting intervention (81, 84) are affirmed. The order (Doc. 98) unsealing the pixelated video is also affirmed.

SO ORDERED this 9th day of March, 2018.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE